UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                    Criminal No. 17-cr-163-JD
                                                     Opinion No. 2019 DNH 074

Louis Gardner

O R D E R

Louis Gardner moves to withdraw his guilty pleas to Counts 6, 7, and 8 of the indictment. He contends that he should be permitted to withdraw his pleas because the government was allowed to withdraw from the plea agreement after he breached the agreement by engaging in criminal activity. The government objects.

Background

In a written plea agreement, Gardner agreed to plead guilty to possession of a firearm by a convicted felon, 18 U.S.C § 922(g) (Count 6); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (Count 7); and conspiracy to distribute and possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and 846 (Count 8). In the agreement, the parties stipulated that Gardner would be sentenced to 120 months' imprisonment. In § 12

of the plea agreement, however, Gardner agreed that he would not engage in any criminal activity. If he did, "the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom." Doc. no. 72 at 11.

On October 30, 2018, the court accepted Gardner's guilty pleas on Counts 6, 7, and 8. After the court accepted the pleas, but before sentencing, Gardner engaged in criminal activity by committing the offense of assault by prisoner. Based on that finding, and pursuant to § 12 of the agreement, the court granted the government's motion to withdraw from the plea agreement. Doc. no. 108.

Gardner moves to withdraw his guilty pleas under Federal Rule of Criminal Procedure 11(d)(2). The court held a hearing on the motion on April 10, 2019.

## Discussion

Gardner argues that a "fair and just" reason exists to allow him to withdraw from his guilty pleas under Rule 11(d)(2)(B). Alternatively, he argues that, because the court "rejected" the plea agreement, he can withdraw under § 6 of the plea agreement and Rule 11(d)(2)(A), which provide for withdrawal of a guilty plea as a matter of right under those circumstances. Gardner also contends that § 17 of the plea

agreement permits him to withdraw from his guilty pleas. The government responds that no "fair and just" reason exists and that the court did not reject the plea agreement.

    A. "Fair and Just" Reason for Requesting Withdrawal

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). The defendant bears the burden to establish a fair and just reason. United States v. Dunfee, 821 F.3d 120, 127 (1st Cir. 2016). In examining whether a fair and just reason exists, the court looks to "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion [to withdraw]; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." Id. (alteration in original) (quoting United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009)).

Gardner argues that a fair and just reason exists because he "heavily relied upon the stipulation entered into by the parties." Doc. no. 111 at 4. "In exchange for this reliance," Gardner contends, he forwent filing "motions to suppress

3

evidence relative to the moto[r] vehicle stop in this case" and he forwent "raising an entrapment defense on the use and possession of the firearm in this case . . . ." Id.

Gardner offers no argument that his pleas were made involuntarily, unknowingly, or unintelligently and does not make any claim of innocence. Gardner's two theories – entrapment and suppression of evidence – are not premised on his actual innocence of the crimes. See United States v. Torres-Rosa, 209 F.3d 4, 8-9 (1st Cir. 2000) ("The absence of an assertion of innocence counsels against allowing the plea to be withdrawn."); United States v. Sanchez-Barreto, 93 F.3d 17, 24 (1st Cir. 1996) ("The district court need not credit bare protestations of legal innocence.").[1] Indeed, at the plea colloquy, Gardner admitted his guilt.

Gardner's "reliance" on the beneficial terms of the plea agreement which no longer apply is not a "fair and just" reason to permit him to withdraw. See United States v. Muriel, 111 F.3d 975, 978 (1st Cir. 1997) ("[W]hen Muriel concluded that

---

[1] It is unclear on what basis Gardner would assert entrapment or that evidence should be suppressed. Gardner did not elaborate on his entrapment theory. In the "Offense Conduct" section of the plea agreement admitted to by Gardner at the plea colloquy, it states that "the defendant waived his Miranda rights" and admitted to officers after his arrest that he traveled to Massachusetts to buy drugs.

4

circumstances had changed such that a potential motion to suppress seemed to be a better strategy than his plea bargain, he decided that withdrawal of his plea was in order. But . . . second thoughts do not constitute a plausible reason for withdrawal."). Gardner's loss of the benefit of the stipulated sentence is a consequence of his own actions, and the government's withdrawal from the plea agreement because of Gardner's breach is not a sufficient reason to permit him to withdraw his guilty pleas. See United States v. Tilley, 964 F.2d 66, 72 (1st Cir. 1992) (finding that district court did not abuse its discretion in denying defendant's motion to withdraw guilty plea after he violated plea agreement by committing perjury); see also United States v. Robinson, 587 F.3d 1122, 1125 (D.C. Cir. 2009) ("Guilty pleas are distinct from plea agreements.") (citing United States v. Hyde, 520 U.S. 670, 677-78 (1997)). Finally, although Gardner filed his motion soon after the court granted the government's motion to withdraw from the plea agreement, any lack of prejudice to the government does not warrant granting the motion. See United States v. Ramos, 810 F.2d 308, 313 (1st Cir. 1987) ("Only after a defendant has brought forward a 'fair and just' reason, is the government compelled to demonstrate prejudice . . . ."); Nunez Cordero v. United States, 533 F.2d 723, 725 (1st Cir. 1976) (affirming

district court's finding that no fair and just reason to withdraw guilty plea existed even though motion was timely and did not substantially prejudice the government).

The court finds that no "fair and just" reason exists to permit Gardner to withdraw his guilty pleas. Therefore, Gardner cannot withdraw them under Rule 11(d)(2)(B).

B. Rejection of Plea Agreement

At the hearing, Gardner argued that he should be permitted to withdraw from the plea agreement under § 6 of the plea agreement and Rule 11(d)(2)(A). Section 6 and Rule 11(d)(2)(A) allow a defendant to withdraw a guilty plea if the court, pursuant to Rule 11(c)(3)(A), rejects a plea agreement containing a stipulated sentence.[2] The government contends that the court did not reject the plea agreement.

Under Rule 11(d)(2)(A), a defendant may withdraw a guilty plea as a matter of right if "the court rejects a plea agreement under Rule 11(c)(5)[.]" Rule 11(c)(5), in turn, outlines the procedure for a court's rejection of a plea agreement that

---

[2] Section 6 states the following, in relevant part: "The parties intend the [120-month sentence] to be 'binding' under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty pleas." Doc. no. 72 at 7.

6

contains a stipulated sentence or an agreement not to bring or dismiss other charges.  The procedure requires the court to, in open court, "inform the parties that the court rejects the plea agreement"; "advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea"; and "advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated."  Fed. R. Crim. P. 11(c)(5).

In this case, however, the court did not "reject" the plea agreement under Rule 11(c)(3)(A) and (c)(5).  In granting the government's motion to withdraw from the agreement, the court <u>enforced</u> § 12 of the plea agreement, which permitted the government to withdraw if Gardner engaged in criminal activity.  Doc. no. 108 at 6 ("The court finds that this criminal activity constitutes a substantial breach of the plea agreement.").  Gardner cannot transform his breach of the plea agreement, which cost him his right to receive the agreed-upon sentence, into a rejection of the agreement by the court.  United States v. Hallman, 226 Fed. Appx. 261, 263-64 (4th Cir. May 10, 2007); cf. United States v. Blackwell, 694 F.2d 1325, 1339 (D.C. Cir. 1982) ("[I]f the plea is accepted . . . <u>and the defendant adheres to the terms of the bargain</u>, all parties to it are bound.")

7

(emphasis added).  Therefore, § 6 of the plea agreement and Rule 11(d)(2)(A) do not apply.

C. Section 17

Gardner asserts that § 17 of the plea agreement, which renders "the entire Plea Agreement" "null and void" if any provision of the agreement "is deemed invalid or unenforceable," permits him to withdraw from his guilty pleas.  The defendant cannot prevail on this argument because the court did not find any provision of the agreement invalid or unenforceable but rather enforced the terms of the agreement, read as a whole, as entered into by the parties.

Conclusion

For the foregoing reasons, Gardner's motion to withdraw from his guilty pleas (doc. no. 111) is denied.  The matter is to be scheduled for sentencing.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 6, 2019
cc:  Richard Monteith, Jr., Esq.
     Anna Z. Krasinski
     U.S. Probation
     U.S. Marshal